UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

    vs.                                        CASE NO. 8:98-CR-433-T-24EAJ

**FREDERICK BURNEY**
_____/

ORDER

This matter is before the Court on Frederick Burney's Renewed 18 U.S.C. §3582 (c)(2) Motion (Doc. 613).   Defendant Burney asks this court for the following relief: Order the Probation Office to prepare a supplemental pre sentence report that reflects 1.5 kilograms of crack cocaine be attributable to him rather than the 442 kilograms he was held accountable for; order the Probation Office to utilize the newly available 18 to 1 crack cocaine to cocaine ratio ; conduct a de novo sentence hearing; reduce the Defendant's sentence; and grant any other relief that is fair, just and equitable. The motion is DENIED.

Defendant **Frederick Burney** was sentenced on October 4, 1999 to 292 months of imprisonment for one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine and cocaine base in violation of 21 U.S.C. §846.

On May 23, 2008, Defendant Frederick Burney filed a Motion Under 18 U.S.C. §3582(c)(2) seeking modification of sentence based upon United States Sentencing

Guidelines retroactive Amendment 706. (Doc. 547). The Court found that Amendment 706 did not have the effect of lowering Defendant's sentencing range because his base offense level was derived from the sentencing judge's finding that Burney's offense involved 442 kilograms of cocaine base. Therefore Frederick Burney was not eligible for a reduction in sentence under Sentencing Guideline Amendments 706 and 711. Burney appealed the Court's order and the Eleventh Circuit affirmed on May 20, 2009.

The Fair Sentencing Act of 2010, Pub .L. 111-220 (The Act) reduced penalties for crack cocaine offenses, and the Sentencing Commission promulgated an amendment to §2D1.1 to account for the reduction. It became effective November 1, 2010. The Commission has not at this time decided whether this amendment should apply retroactively to Defendants sentenced prior to November 1, 2010.

Accordingly it is Ordered that:

1. The Defendant's request that the Court Order the office of Probation to prepare another supplemental report reflecting that Defendant Burney should be held accountable for only 1.5 kilograms of cocaine base is Denied with prejudice.

2. The Defendant's request that the Court Order Probation to use "18 to 1" cocaine base to cocaine ratio is Denied since the Sentencing Commission has not determined whether or not this guideline will be retroactive..

3. The request for another sentencing hearing de novo and appointment of counsel is Denied.

4. The request that Defendant's sentence be reduced is Denied.

5. The motion in its entirety is Denied.

It is so ORDERED at Tampa, Florida this 12th day of November, 2010

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copy: Frederick Burney
Counsel of Record